Angela Pak CA Bar No. 240177
angela.pak@ogletree.com
Alis M. Moon CA Bar No. 293897
alis.moon@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:  714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendants
SDH Services West, LLC (erroneously sued as "SDH Services West LLC dba Sodexo") and Sodexo, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LUZ GARCIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SDH SERVICES WEST LLC, a limited liability company dba SODEXO; SODEXO, INC., a corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:21-cv-2598<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[*Filed concurrently with Civil Case Cover Sheet; Declaration of Kimberly Shackleford; Certificate of Interested Parties; Corporate Disclosure Statement; and Notice of Related Cases*]<br><br>Complaint Filed:  February 8, 2021<br>Trial Date:          None Set<br>District Judge:    Hon. TBD<br>Magistrate Judge: Hon. TBD |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

46541058_1.docx

1                                                         Case No. 2:21-cv-2598
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. sections 1332, 1441, and 1446, Defendants SDH Services West, LLC (erroneously sued as "SDH Services West, LLC dba Sodexo") and Sodexo, Inc.[1] (collectively, "Defendants"), remove the above-entitled action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California. The foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below.

## I.

## THE STATE COURT ACTION

1. On February 8, 2021, Plaintiff Luz Garcia ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *LUZ GARCIA, an individual, v. SDH SERVICES WEST, LLC, a limited liability company dba SODEXO; SODEXO, INC., a corporation; and DOES 1 through 20, inclusive*, Case No. 21STCV04831 (the "Complaint"). A true and correct copy of the Summons and Complaint is attached as **Exhibit "A."**

2. The Complaint asserts the following causes of action: (1) discrimination in violation of Government Code §§12940, *et seq.*; (2) retaliation in violation of Government Code §§12940, *et seq.*; (3) failure to prevent discrimination and retaliation in violation of Government Code §§12940, *et seq.*; (4) retaliation in violation of Government Code §§12945.2, *et seq.*; (5) failure to provide reasonable accommodation in violation of Government Code §§12940, *et seq.*; (6) failure to engage in a good faith interactive process in violation of Government Code §§12940, *et seq.*; and (7) wrongful termination in violation of public policy.

3. On February 23, 2021, Plaintiff personally served Defendants' registered agent for service of process. Attached as **Exhibit "B"** is a true and correct copy of

46541058_1.docx

---

[1] Sodexo, Inc. is an indirect subsidiary of SDH Services West, LLC.

Plaintiff's proof of service and a copy of all other process, pleadings, and orders served on Defendants along with the Summons and Complaint.

4. On March 24, 2021, Defendants timely filed and served their Answer to the Complaint in Los Angeles County Superior Court. Attached as **Exhibit "C"** is a true and correct copy of the Answer.

## II.
## REMOVAL IS TIMELY

5. A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

6. As explained above, Plaintiff served the Summons and Complaint on Defendants' registered agent on February 23, 2021. Because Defendants filed this removal within 30 days of service of the Summons and Complaint, removal is timely.

## III.
## DIVERSITY JURISDICTION
## 28 U.S.C. § 1332

7. **Complete Diversity of the Parties Exists.** This Court has original jurisdiction over this action under 28 U.S.C. section 1332 and hence the action may be removed by Defendants pursuant to 28 U.S.C. section 1441. Original jurisdiction exists here because no defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs. The parties to this action are diverse, as detailed below:

8. **Plaintiff Is a Citizen of California.** Plaintiff's Complaint alleges that she is, and at all times relevant to this action was, a resident of the County of Los Angeles, State of California. Compl. ¶ 2. Plaintiff's allegations constitute *prima facie*

46541058_1.docx

3   Case No. 2:21-cv-2598
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

evidence of domicile, which creates a rebuttable presumption sufficient to support removal. *See Sololoff v. LRN Corp.*, 2013 WL 4479010, at *2-3 (C.D. Cal. 2013) (finding that the removing defendant "carried its burden of showing diversity" because it had presented evidence of plaintiff's residence, which was "'prima facia' [sic.] evidence of his domicile, and thus of his citizenship," and plaintiff failed to provide evidence of a different domicile); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile.").

9. Plaintiff's domicile in California is further established by her work for SDH Services West, LLC beginning on December 1, 2016; her last known residence in the County of Los Angeles at the time she filed this lawsuit; her job application with SDH Services West, LLC showing that she attended High School in the County of Los Angeles and continuously worked in the County of Los Angeles since January 2006. Compl. ¶ 2; Declaration of Kimberly Shackleford "Shackleford Decl." at ¶¶ 14-15.

10. Accordingly, Plaintiff is a citizen of the State of California.

11. **Sodexo, Inc. Is a Citizen of Delaware and Maryland.** Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Supreme Court established the proper test for determining the principal place of business of a corporation for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters -- provided that the headquarters is the actual center of direction, control and coordination." *Id.*

12. Sodexo, Inc. was at the time the Complaint was filed, and still is, incorporated in the state of Delaware. Shackleford Decl. at ¶ 3.

46541058_1.docx

4  Case No. 2:21-cv-2598
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

13.     Sodexo, Inc.'s principal place of business, and the location from which the predominant number of its high-level officers direct, control and coordinate the corporation's activities, was at the time the Complaint was filed, and still is, located at the company's headquarters in Gaithersburg, Maryland. Shackleford Decl. at ¶¶ 3-6.

14.     Seven out of ten of Sodexo Inc.'s Corporate Officers, including three of its Vice Presidents, its Corporate Secretary, its Vice President/Treasurer, its Vice President/Assistant Secretary, and its Assistant Treasurer have their offices located at Defendant's corporate headquarters in Gaithersburg, Maryland. These Corporate Officers are responsible for the direction, control and coordination of the activities covered by their respective offices. Shackleford Decl. at ¶ 4.

15.     The predominant number of Sodexo Inc.'s chief executives of its critical business functions, such as the Chief Executive Officer of Service Operations, the Chief Diversity and Sustainability Officer, the Chief Human Resources Officer, the Vice President and General Legal Counsel, the Senior Vice President and Chief Finance Officer of Finance, and the Senior Vice President of Communications also have their offices located at the corporate headquarters in Gaithersburg, Maryland. These chief executives are responsible for the direction, control and coordination of the activities covered by their respective offices. Shackleford Decl. at ¶ 5.

16.     Sodexo, Inc., by and through the predominant number of its high ranking officers, its chief executives of its critical business functions, and their supporting management personnel whose offices are also located in Gaithersburg, Maryland, directs, controls and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of Sodexo, Inc.'s operations; (2) a critical role in management of the general business strategy and operation; (3) compliance with state and federal laws and legal services associated with such matters; (4) matters relating to Sodexo, Inc.'s tax and treasury functions; (5) the development and implementation of human resources strategizes for Sodexo, Inc.'s workforce; (6) bid support and development of processes and solutions for Sodexo, Inc.'s segment

46541058_1.docx

5

Case No. 2:21-cv-2598
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

teams; (7) assistance to Sodexo, Inc.'s segment teams with new services, better processes, and contract optimization and innovation; (8) negotiation of contracts with suppliers and subcontractors; (9) the development and implementation of strategic diversity initiatives; (10) the development of corporate communication strategies and the content of critical corporate communications; and (11) the performance of all traditional corporate secretary functions. The books and records relating to these, and other matters which are directed, controlled, and coordinated from the headquarters offices in Gaithersburg, Maryland are maintained at the corporate headquarters. Shackleford Decl. at ¶ 6. Simply put, Sodexo, Inc.'s center of "direction, control and coordination" is located in the state of Maryland.

17. Further, Sodexo, Inc. does business in a number of states and does not conduct the substantial predominance of its business in any single state. Shackleford Decl. at ¶ 7. *See Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

18. Thus, for diversity purposes, Sodexo, Inc. must be considered a citizen of Delaware, its state of incorporation, and Maryland, its principal place of business.

19. **SDH Services West, LLC, Is a Citizen of New York and Maryland.** During the relevant time period, Plaintiff was employed by SDH Services West, LLC. Shackleford Decl. at ¶ 14-15.

20. SDH Services West, LLC, is a Delaware limited liability company. Shackleford Decl., ¶ 8. Because SDH Services West, LLC, is a limited liability company, it is treated as a citizen of each state of which its members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006) (holding that, like a partnership, the citizenship of an LLC is the citizenship of all its members,

46541058_1.docx

6   Case No. 2:21-cv-2598
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

rather than applying the two-part corporate citizenship rule (place of incorporation and principal place of business); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.").

21. Sodexo America, LLC, a Delaware limited liability company, is, and was at the time the Complaint was filed, the sole member of SDH Services West, LLC. Shackleford Decl. at ¶ 8.

22. Sodexo Management, Inc. is, and was at the time the Complaint was filed, the sole member of Sodexo America, LLC. Sodexo Management, Inc. is a New York corporation. Shackleford Decl. at ¶ 9. Its principal place of business, and the location from which the predominant number of its high-level officers direct, control and coordinate the corporation's activities, was at the time the Complaint was filed, and still is, located at the company's headquarters in Gaithersburg, Maryland. *Id.*

23. Seven out of ten of Sodexo Management, Inc.'s Corporate Officers, including three of its Vice Presidents, its Corporate Secretary, its Vice President/Treasurer, its Vice President/Assistant Secretary, and its Assistant Treasurer have their offices located at the corporate headquarters in Gaithersburg, Maryland. Shackleford Decl. at ¶ 10. These Corporate Officers are responsible for the direction, control and coordination of the activities covered by their respective offices. *Id.*

24. The predominant number of Sodexo Management, Inc.'s chief executives of its critical business functions, such as the Chief Executive Officer of Service Operations, the Chief Diversity and Sustainability Officer, the Chief Human Resources Officer, the Vice President and General Legal Counsel, the Senior Vice President and Chief Finance Officer of Finance, and the Senior Vice President of Communications also have their offices located at the corporate headquarters in Gaithersburg, Maryland. Shackleford Decl. at ¶ 11. These chief executives are responsible for the direction, control, and coordination of the activities covered by their respective offices. *Id.*

46541058_1.docx

7

Case No. 2:21-cv-2598
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

25. Sodexo Management, Inc., by and through the predominant number of its Corporate Officers, its chief executives of its critical business functions, and their supporting management personnel whose offices are also located in Gaithersburg, Maryland, directs, controls and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of Sodexo Management, Inc.'s operations; (2) a critical role in management of general business strategy and operation; (3) compliance with state and federal laws and legal services associated with such matters; (4) matters relating to Sodexo Management, Inc.'s tax and treasury functions; (5) the development and implementation of human resources strategizes for Sodexo Management, Inc.'s workforce; (6) bid support and development of processes and solutions for Sodexo Management, Inc.'s segment teams; (7) assistance to Sodexo Management, Inc.'s segment teams with new services, better processes, and contract optimization and innovation; (8) negotiation of contracts with suppliers and subcontractors; (9) the development and implementation of strategic diversity initiatives; (10) the development of corporate communication strategies and the content of critical corporate communications; and (11) the performance of all traditional corporate secretary functions. Shackleford Decl. at ¶ 12. The books and records relating to these, and other matters which are directed, controlled, and coordinated from the headquarters offices in Gaithersburg, Maryland are maintained at the corporate headquarters. *Id.* Sodexo Management, Inc. does business in a number of states and does not conduct the substantial predominance of its business in any single state. *Id*.

26. Thus, for diversity purposes, SDH Services West, LLC, must be considered a citizen of New York and Maryland.

27. **Diversity Among The Parties Exists.** Here, because Plaintiff is a citizen of California and Defendants are citizens of Delaware, Maryland, and New York, diversity among the parties exists.

46541058_1.docx

8

Case No. 2:21-cv-2598

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

28. Further, the citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. section 1441(a).

29. Complete diversity among the parties not only exists now, but did also at the time of the filing of this action on February 8, 2021. This court has original jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. sections 1332 (a) and 1441(a), in that Plaintiff is a citizen of California and neither Defendants are citizens of California. As a result, complete diversity between all defendants and plaintiff exists.

## IV.

## THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS

30. This court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interests and costs.

31. This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below. Defendants discuss below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.00.[2]

32. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

---

[2] By estimating the amounts Plaintiff may recover if she prevails, Defendants do not concede that Plaintiff will prevail on any of her claims or that, if she prevails, she is entitled to damages in any particular amount or at all. Defendants reserve the full right to dispute Plaintiff's claims with respect to both liability and damages.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

33. The Complaint does not allege a damage amount as to each claim. Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

### A.     Lost Earnings.

34. Plaintiff's Complaint seeks to recover lost earnings. *See* Compl. ¶¶ 31-32; Prayer for Relief No. 1.

35. The Court may consider lost earnings in determining the amount in controversy. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000).

36. Plaintiff was hired by SDH Services West, LLC on approximately December 1, 2016 to work full-time (*i.e.,* 40 hours week). Compl. ¶ 17; Shackleford Decl. at ¶ 14. Plaintiff alleges that her employment was terminated on August 21, 2020. Compl. ¶ 17. At the time her employment with SDH Services West, LLC ended, Plaintiff earned $18.99 per hour. Shackleford Decl. at ¶ 14. Thus, Plaintiff earned approximately $759.60 per week (40 hours per week x $18.99 per hour).

37. Based on Plaintiff's weekly earnings of approximately $759.60, Plaintiff's lost earnings since the last day she worked for SDH Services West, LLC on August 21, 2020, currently total approximately $23,547.60 ($759.60 per week x 31 weeks).

38. When the date of a trial is not set, courts have found one year from the date of removal to be a ***conservative*** trial date estimate for purposes of removal. *Reyes v. Staples Office Superstore, LLC*, No. CV 19-07086-CJC (SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) ("[C]ourts have often found that one year from the date of removal is a 'conservative estimate of the trial date' in employment cases."); *Beltran v. Procare Pharmacy, LLC*, No. 219CV08819ODWRAOX, 2020 WL 748643,

46541058_1.docx

10

Case No. 2:21-cv-2598

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

at *3 (C.D. Cal. Feb. 14, 2020) (same). One year from the March 25, 2021 removal date in this case is approximately March 25, 2022. Thus, the amount of past and future lost earnings Plaintiff has put in controversy, *i.e.,* total lost earnings between Plaintiff's alleged termination date of August 21, 2020 and the estimated trial date in this matter based on the conservative trial date estimate in this District, March 25, 2022, is at least **$63,046.80** ($759.60 per week x 83 weeks).

### B.     Attorneys' Fees

39.     Plaintiff also seeks to recover attorneys' fees pursuant to Government Code section 12965(b). Compl. ¶¶ 45, 56, 61, 72, 79, 86; Prayer for Relief No. 8. Attorneys' fees may therefore be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

40.     If Plaintiff prevails on her first, second, third, fifth, or sixth causes of action, Plaintiff is entitled to seek attorneys' fees under the Fair Employment and Housing Act's (FEHA) fee-shifting provisions. *See* Cal. Gov't Code 12965(b) (courts may award attorneys' fees to "prevailing party" in FEHA actions); *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005) ("prevailing party" in FEHA action is entitled to attorneys' fees "absent circumstances that would render the award unjust"). Accordingly, Plaintiff's request for attorneys' fees under FEHA must be taken into consideration for removal purposes.

41.     The measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002). *Goldberg v. CPC International*, 678 F.2d 1365, 1367 (9th Cir. 1982) (noting that "potential attorneys' fees" is properly considered for purposes of meeting the amount in controversy requirement); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n. 4 (N.D. Cal. 2002) (attorneys' fees likely to be incurred can be estimated at the time of removal).

42. As other courts have noted, employment actions often "require substantial effort from counsel." *Simmons*, 209 F.Supp.2d at 1035 (finding that the jurisdictional minimum was "clearly satisfied" given that in the court's "twenty-plus years' experience, attorney's fees in individual discrimination cases often exceed the damages.").

43. Adding the potential recovery of attorney's fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000. *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (holding claims exceeded $75,000 as alleged in the complaint because there were alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction).

44. A conservative hourly rate for employment cases in district courts in California such as the Central District, is approximately $300 per hour. *See Casey v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014); *Reyes v. Staples Off. Superstore, LLC*, 2019 WL 4187847 at *5 (C.D. Cal. Sept. 3, 2019) (using $300 per hour rate to calculate reasonably expected attorneys' fees for purposes of removal). Additionally, estimates for the number of hours expended through trial for employment law cases in this district is 300 hours. *See Sawyer v. Retail Data, LLC*, 2015 WL 3929695, at *3 (C.D. Cal. Apr. 29, 2015) (finding an estimate of 300 hours to be expended on a discrimination claim was reasonable)*; see also Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015); *Melendez v. HMS Host Family Restaurants, Inc.*, No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011). Accordingly, in order to litigate this case

46541058_1.docx

through trial at the typical hourly rate for employment law cases in this District, it is reasonable to anticipate that Plaintiff's attorneys' fees will be at least **$90,000** ($300/hr x 300 hours).

### C. Emotional Distress Damages.

45. Plaintiff's Complaint alleges that she seeks "emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court." Compl. ¶ 33; *see also* Compl. ¶ 31; Prayer for Relief No. 1.

46. Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002).

47. A defendant may introduce evidence of jury verdicts in other cases as evidence of plaintiff's potential emotional distress damages. *See Avila v. Kiewit Corp.*, No. CV 19-5740-MWF-JPR, 2019 WL 4729641, at *3 (C.D. Cal. Sept. 26, 2019); *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012).

48. Emotional distress damages awards in single-plaintiff wrongful termination actions often exceed $75,000. Indeed, a jury recently awarded a plaintiff $1,050,000 in emotional distress damages in a case that has similar allegations as Plaintiff. *See Gonzalez v. Swissport SA LLC*, JVR No. 2005130028 (Super. Ct. L.A. County) (February 10, 2020). Specifically, in *Gonzalez*, the plaintiff alleged disability discrimination, retaliation, and wrongful termination after his employer allegedly refused to allow him to return to work from a medical leave of absence. *Cf.* Compl. ¶ 22 ("Plaintiff was released to return to work, but Employer did not allow Plaintiff to return to work.").

49. Other recent jury verdicts in cases that are analogous and/or factually similar to Plaintiff's case establish that Plaintiff's alleged emotional distress damages exceed the jurisdictional minimum of this Court. *See, e.g., Quemada v. Cordoba Corporation,* JVR No. 20042300004 (Super. Ct. L.A. County) (December 6, 2019)

46541058_1.docx

13  Case No. 2:21-cv-2598
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

(awarding $1,015,314 for emotional distress damages for plaintiff's claims of disability discrimination, failure to engage in the interactive process, failure to provide reasonable accommodations, failure to prevent discrimination, and wrongful termination in violation of public policy); *Ramirez v. Jack in the Box, Inc.*, JVR No. 1908020049 (Super. Ct. L.A. County) (June 11, 2019) (awarding the plaintiff $5 million for emotional distress in a disability discrimination matter); *Woods v. Greystar Management Services, L.P.,* JVR No. 1907020005 (Super. Ct. L.A. County) (April 11, 2019) (awarding the plaintiff $500,000 in emotional distress damages on her claims for wrongful termination, disability discrimination, failure to provide accommodation, failure to engage in the interactive process, and failure to take reasonable steps to prevent discrimination).

50. These jury verdicts show that Plaintiff's alleged emotional distress damages in this action are potentially substantial. *See Avila, supra,* 2019 WL 4729641 (concluding that emotional distress damages are potentially substantial based on jury verdicts in discrimination cases); *Hurd v. Am. Income Life Ins.,* 2013 WL 5575083, at *7 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum."). Accordingly, Plaintiff has put at least **$75,000** in emotional distress damages in controversy.

51. In sum, and as shown in the chart below, the total amount in controversy, *excluding* punitive damages, is at least **$228,046.80**:

| Type of Damages | Amount in Controversy |
|---|---|
| Lost Earnings | $63,046.80 |
| Attorney's Fees | $90,000.00 + |
| Emotional Distress | $75,000.00 + |
| **Total:** | **$228,046.80** |

46541058_1.docx

14

Case No. 2:21-cv-2598
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

### D. Punitive Damages.

52. Plaintiff has pled for the recovery of punitive and exemplary damages. Compl. ¶¶ 34, 44, 55, 60, 71, 78, 85, 94; Prayer for Relief No. 5.

53. The potential for a punitive damages award alone against Defendants satisfies the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under *Civil Code* section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3D 1357 (9th Cir. 1994). "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *see also Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

54. Jury verdicts in analogous cases may be used to establish probable amounts of punitive damages. *Simmons*, 209 F.Supp.2d at 1033. ("The fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). The court in *Simmons* relied on jury verdicts from several cases to establish the probable award of punitive damages. *Id.* These included punitive damage awards in the amount of $60,000 (*Prasad v. University of Cal. Davis Med. Ctr.,* JVR No. 802857); $121,000,000 (*Carrol v. Interstate Brands Corp.*, *et al.*, Cal. Super. Ct. for the County of San Francisco Case No. 995728, 1 C.E.L.M. 68 (Sept. 2000)); and $40,000,000 (*Lane v. Hughes Aircraft Co.,* JVR No. 801112. *Id.* As in *Simmons*, Plaintiff is claiming discrimination and retaliation under California law. The same jury verdicts that

46541058_1.docx

15   Case No. 2:21-cv-2598
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

supported a finding of the requisite amount in controversy in *Simmons* support such a finding in this case.

55. Jury verdicts in similar cases (*i.e.* lawsuits in which the plaintiff alleges discrimination and wrongful termination, etc.) further support that the amount in controversy exceeds $75,000. In *Ortega v. Carson Wild Wings LLC*, JVR No. 2004090009 (February 11, 2020), a Los Angeles County Superior Court jury awarded a plaintiff $100,000 in punitive damages for a wrongful termination and retaliation matter. In *Quemada v. Cordoba Corporation*, JVR No. 2004230004 (December 6, 2019), a Los Angeles County Superior Court jury awarded a plaintiff $1.5 million in punitive damages where the plaintiff alleged disability discrimination and wrongful termination. *See also Romero v. Leon Max, Inc.*, 2009 WL 5258439 (awarding the plaintiff $50,000 in punitive damages, where plaintiff claimed she had been wrongfully terminated); *Amigon vs. Cobe Color Cosmetics,* 2009 WL 7497138 (jury awarding a plaintiff $52,000 in punitive damages in a case where the plaintiff alleged discrimination, retaliation, and wrongful termination); *Martinez v. Rite Aid, et. al.* (BC401746) 10-JV-2044 (October 5, 2010) (awarding $4,800,000 in punitive damages to a plaintiff whose primary causes of action included wrongful termination). Other wrongful termination claims have similarly yielded large punitive damages awards. *See e.g., Lee v. TRW Inc.,* U.S.D.C. Central Dist. of California Case No. 04-1134 (wrongful termination case resulted in 1.2 million in punitive damages); *Ismen v. Beverly Hosp.*, L.A. Superior Court No. BC366198 (discrimination case resulted in $1,180,164 in punitive damages).

56. Based on these jury awards, it is more likely than not that Plaintiff has put at least $75,000 in controversy for Plaintiff's punitive damages, either alone or in combination with Plaintiff's other claims.

///

///

///

46541058_1.docx

16

Case No. 2:21-cv-2598

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

## V.
## VENUE IS PROPER

57. In accordance with 28 U.S.C. section 1441(a), this Notice of Removal is filed in the district court of the United States in which the action is pending. The Superior Court of California, County of Los Angeles is located within the Central District of California. 28 U.S.C. section 84(c)(2). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. section 1441(a).

## VI.
## THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

58. In accordance with 28 U.S.C. section 1446(a), this notice of removal is accompanied by **Exhibits A** through **C**, which includes copies of all process, pleadings, and orders served upon Defendants.

59. As required by 28 U.S.C. section 1446(b), the Notice of Removal was filed within 30 days after the Summons and Complaint was deemed served on Defendants. *Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680 (6th Cir. 2002).

60. In accordance with 28 U.S.C. section 1446(d), Defendants will give written notice of the original removal of this action to Plaintiff via her counsel and file a copy of that Notice with the Superior Court of California, Los Angeles County.

## VII.
## CONCLUSION

61. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendants respectfully request that this Court exercise its removal jurisdiction over this action.

///

///

///

46541058_1.docx

17 Case No. 2:21-cv-2598
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

61. Accordingly, Defendants remove the above-entitled action to this Court. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

DATED: March 25, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Angela Pak
Alis M. Moon
Attorneys for Defendants
SDH Services West, LLC (erroneously sued as "SDH Services West LLC dba Sodexo") and Sodexo, Inc.

46541058_1.docx

18

Case No. 2:21-cv-2598
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

# PROOF OF SERVICE
*Luz Garcia v. SDH Services West, LLC dba Sodexo, et al.*
Case No. 2:21-cv-2598

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On March 25, 2021, I served the following document(s):

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 25, 2021, at Costa Mesa, California.

*Alba DonJuan* (signature)
Alba DonJuan

46541058_1.docx

19    Case No. 2:21-cv-2598
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

# SERVICE LIST

| | |
|---|---|
| Jace H. Kim, Esq.<br>Carlos Andres Perez, Esq.<br>Javier Ramirez, Esq.<br>THE DOMINGUEZ FIRM, LLP<br>3250 Wilshire Blvd., Suite 1200<br>Los Angeles, CA 90010<br>Telephone: 213-381-4011<br>Facsimile:  213-201-8212<br>jace.kim@dominguezfirm.com<br>carlos.perez@dominguezfirm.com<br>javier.ramirez@dominguezfirm.com | Attorneys for Plaintiff<br>Luz Garcia |

46541058.1

46541058_1.docx

20

Case No. 2:21-cv-2598

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446